The opinion of the court was delivered by
McEnery, J.
The Legislature, by Act No. 81 of 1878, exempted from all taxes and licenses levied by the parish of Ouachita from and *783 after January 1, 1873, all real and personal property within the corporation of the Oity of Monroe and all persons, firms and corporations within said city limits.
By Act No. 57, approved March 21, 1876, the City of Monroe was required to pay one-fourth of all the expenses incurred and liquidated by the parish of Ouachita for drawing and summoning jurors, their mileage and per diem, the summoning of witnesses before grand juries, for the attendance of the sheriff on the several courts, for repairs on the public buildings, owned by the parish and situated within the corporate limits of the Oity of Monroe,for books for parish officers, for registration and election and for the salary of the District Attorney pro tern.
The act provided for the manner in which the account for expenses should be made out and presented to the City of Monroe and the manner of its payment by said city.
In pursuance of this act the parish of Ouachita presented an account for expenses to the Oity of Monroe for the sum of $2715.47. The account was approved, except the items of oil and coal for jail and court house, and the item for the cost of erecting and building a new jail for the parish, which was ordered by the police jury of the parish.
The parish of Ouachita brought this suit to secure the one-fourth of the account from the Oity of Monroe.
The facts, as admitted, are that the jail was built in 1888 by Pauly & Co. under a contract with the police jury of Ouachita parish. Its cost was $9466.60, one-fourth of which is claimed from the Oity of Monroe. Neither the Mayor or Oity Council of Monroe was consulted about said contract, and never consented to the same. The lot upon which the old jail stood was sold by the parish for $1000, and the materials of the old building were sold for $50, and the proceeds of both sales placed in the parish treasury, no part of which was credited to the Oity of Monroe. No part of the materials of the old jail were used in the new one, which was erected on a lot in a different square from the one on which the old jail was located.
There was an imperative necessity for the construction of a new jail.
Municipal corporations can exercise only such powers as are delegated to them by the Legislature in express terms or those which are necessarily implied from the powers so expressly granted, *784 and those which are essential and indispensable to the declared objects and purposes of the corporation.
The Act No. 57 of 1876 authorized the City of Monroe to pay one-fourth of the expenses of the parish of Ouachita only for the following purposes: Drawing and summoning jurors, per diem and mileage of jurors, summoning witnesses before the grand jury, for the attendance of the Sheriff on the courts, for repairs to parish public buildings in the city limits, for books for parish officers, for registration and election, and for salary of the District Attorney pro tem.
In this enumeration of the expenses to be borne by the City of Monroe there is not included directly or by implication the liability of the City of Monroe for the items of coal and ice, nor is there included the authority for the City of Monroe to pay one-fourth the expenses of erecting public buildings. The authorization of the city by said act to pay one-fourth expenses for repairs can not be extended so as to make the city liable for one-fourth part of the cost of erecting the jail. It was a new building, on a distant lot from the one on which the old jail stood; not a part even of the material of the old jail was employed in its construction; and it would be a perversion of the meaning of the word repairs to so construe it that by implication or necessary inference it could be made to cover the erection of a new building, at a different locality, on an entirely different plan and of different materials. 1 Dillon Mun. Corporations, Sec. 140.
There was no express authority granted by the Legislature to the City of Monroe to pay one-fourth the expense for the erection of a jail in the City of Monroe by the parish of Ouachita, and the authority to incur this expense can not be inferred from any grant of power to the city in its charter, or in Act 57 of 1876; and the expense was not essential and indispensable to the declared objects and purposes of the municipality as the City of Monroe, as stated in the admissions, had provided herself with all necessary police buildings, including a police station and prison.
Judgment affirmed.